UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
(609) 989-2009

**NOT FOR PUBLICATION**

August 8, 2017

**LETTER OPINION**

<u>VIA CM/ECF</u>
All counsel of record

Re: *Regina v. Tullett Prebon Americas Corporation*
<u>Civil Action No. 16-5077 (MAS) (LHG)</u>

Dear Counsel:

This matter comes before the Court on Defendant Tullett Prebon Americas Corporation's ("Defendant") Motion to Dismiss Plaintiff Vincent Regina's ("Plaintiff") Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Plaintiff filed opposition (ECF No. 8) and Defendant replied (ECF No. 10). The Court has reviewed the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. After careful consideration of the submissions, the Court GRANTS Defendant's Motion to Dismiss.

Plaintiff was employed by Defendant[1] as a financial analyst and broker from 1980 until he resigned in 1986. (Am. Compl. ¶¶ 1, 2, 7, ECF No. 1-1.) When Plaintiff resigned in 1986, he "only took $25,000 of the $100,000" from his retirement account, leaving a "$75,000 balance invested with [Defendant] to be withdrawn when [Plaintiff] reached retirement age." (*Id.* ¶ 8.) "Several years ago, [P]laintiff contacted . . . [D]efendant[] to withdraw and collect [the remaining, invested] money[.]" (*Id.* ¶ 9.) Defendant's human resource officer informed Plaintiff that he would look for the relevant records. (*Id.*) After a couple of years, Defendant advised Plaintiff "that the records were lost and [Defendant] could not find anything" regarding Plaintiff's employment with Defendant. (*Id.* ¶ 10.)

Plaintiff spoke to Defendant's Plan administrator[2] and was advised that no records existed. (*Id.* ¶ 11.) Plaintiff requested that the United States Department of Labor ("DOL") start its own inquiry into any pension, IRA, and 401k benefits that Defendant may owe to Plaintiff. (*Id.* ¶ 12.) Following Plaintiff's request, Plaintiff spoke with David Sydlik,[3] from the DOL, who informed Plaintiff that he needed to locate the supporting documents related to the matter, and then

---

[1] Defendant was previously known as "Tullett and Riley." (Am. Compl. ¶ 1.)

[2] Plaintiff identifies the "Plan administrator" as Joyce Lent, but failed to provide any additional information about this individual and define the Plan. (Am. Compl. ¶ 11.)

[3] Plaintiff failed to identify David Sydlik's role at the Department of Labor. (Am. Compl. ¶ 12.)

"contact [the] social security administration to verify [the documents.]" (*Id.*) A "couple of years" after investigating this issue, Plaintiff alleges that he lost "all of his [paperwork] due to several house moves." (*Id.* ¶ 14.)

On or about May 31, 2016, Plaintiff filed a two-count Complaint against Defendant in New Jersey Superior Court. (Notice of Removal, ECF No. 1-1.) Plaintiff filed an Amended Complaint on July 27, 2016 in New Jersey Superior Court. (*Id.*) Pursuant to 42 U.S.C. § 1331, on or about August 18, 2016, Defendant removed the instant action. (*Id.*) On January 27, 2017, Defendant filed a Motion to Dismiss, seeking to dismiss Counts One and Two of the Amended Complaint.[4] (Def.'s Moving Br. 4-8, ECF No. 6-2.)

Count One of the Amended Complaint alleges a claim for loss of investment funds against Defendant. (Am. Compl. 1.) Defendant argues that Count One should be dismissed because the "loss of investment funds" is "not a recognized cause of action in New Jersey." (Def.'s Moving Br. 2.) Defendant, therefore, contends that Count One should be dismissed because it fails to state a claim upon which relief may be granted. (*Id.* at 4.) Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). After reviewing the Amended Complaint, the Court finds that Plaintiff fails to support his claim of loss of investment funds with specific facts—including names of parties involved, when the agreement was made, or at what age Plaintiff could collect his remaining invested funds—and fails to provide case law or statutory authority that supports his claim of loss of investment funds. (*See* Am. Compl. ¶¶ 1-15.) The Court, therefore, dismisses Count One for failure to state a cognizable claim.

Count Two of the Amended Complaint alleges that Defendant violated the Employee Retirement Income Security Act ("ERISA"). (Am. Compl. ¶¶ 19, 22.) Specifically, Plaintiff alleges that Defendant failed to "keep[] records of Plaintiff's employment, years employed, [and] money invested, violating the due diligence owed by the plan administrator[,]" and denied "Plaintiff any benefits that [were] owed to him." (*Id.*) Defendant argues that the Amended Complaint fails to allege the specific provisions of ERISA that Defendant allegedly violated. (Def.'s Moving Br. 7.) In his opposition brief, Plaintiff seeks to rely on specific ERISA provisions to support the allegations in the Amended Complaint. (*See* Pl.'s Opp'n Br. 6, ECF No. 8.)

The Court finds that the Amended Complaint fails to allege any provision, section, regulation, or title of ERISA that Defendant allegedly violated. (*See* Am. Compl. ¶ 17.) Although Plaintiff argues in his opposition brief that, "[u]nder Section 209(a)(l) of [ERISA], 29 U.S.C. § 1059(a)(l), an employer has an obligation to maintain records sufficient to determine the benefits due or which may become due to each of its employees," Plaintiff may not supplement the Amended Complaint by providing new facts in his opposition brief. *See Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F. 2d 173, 181 (3d Cir. 1988); *Izzo v. Twp. of Raritan*, No. 15-1262, 2016 WL

---

[4] Defendant filed a motion to dismiss on September 2, 2016 (ECF No. 3), which the Court denied as Defendant did not file proof of acknowledgement of service with the Clerk of the Court (ECF No. 4).

4728107, at *1 (D.N.J. Sept. 9, 2016) (A "plaintiff may not amend his complaint through his opposition to a motion to dismiss and a court need not consider these allegations in determining whether a plaintiff has stated a claim for relief."); *Karlson v. Dematic Corp.*, No. 16-321, 2016 WL 4487849, at *3 (D.N.J. Aug. 24, 2016) (stating that "it is axiomatic that a plaintiff may not amend his complaint through his opposition to a motion to dismiss"). Due to Plaintiff's failure to specify the sections of ERISA that Defendant purportedly violated and plead sufficient facts to support these allegations, the Court dismisses Count Two against Defendant.

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff may file a motion for leave to amend his Amended Complaint with respect to the dismissed claims, attaching the proposed second amended complaint. An order consistent with this Letter Opinion will be issued.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE